**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

DEANGELA SOLOMON,

      Plaintiff,                    **COMPLAINT**

v.                            Case No.:
                              HON.

CARITE CORPORATE LLC, EUGENE
HUGHEY, and ANGELA BARNES,

      Defendants.                 **JURY DEMANDED**

---

THE RIDDELL LAW FIRM PLLC
By: Sean Riddell (P81302)
*Attorney for Plaintiff*
400 Renaissance Center, Suite 2600
Detroit, Michigan 48243
Phone: (313) 497-0074
sriddell@riddelllawfirm.com

CADORET LEGAL SERVICES PLLC
By: Danielle Cadoret (P77162)
*Attorney for Plaintiff*
400 Monroe Avenue, Suite 290
Detroit, Michigan 48226
Phone: (734) 925-6655
dcadoret11@gmail.com

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

Plaintiff DeAngela Solomon, through her attorneys Sean Riddell of The Riddell Law Firm PLLC and Danielle Cadoret of Cadoret Legal Services PLLC, for her Complaint against Defendants CARite Corporate LLC, Eugene Hughey, and Angela Barnes states:

1

**PARTIES**

1. Plaintiff DeAngela Solomon ("Plaintiff") is a female who resides in Taylor, Michigan.

2. Defendant CARite Corporate LLC ("Defendant CARite") is and was at all relevant times a Michigan limited liability company located in Troy, Michigan and doing business throughout Michigan.

3. Defendant Eugene Hughey ("Defendant Hughey") is a male who, upon information and belief, resides in Oakland County, Michigan.  Defendant Hughey was employed by Defendant CARite and was Plaintiff's manager and supervisor at all relevant times. Defendant Hughey is being sued in both his individual capacity and his official capacity as a manager for Defendant CARite.

4. Defendant Angela Barnes ("Defendant Barnes") is a female who, upon information and belief, resides in Wayne County, Michigan.  Defendant Barnes was employed by Defendant CARite at all relevant times.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction over Plaintiff's claims alleging sex discrimination pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*

6. Plaintiff has exhausted all available administrative remedies and has obtained her "right to sue letter" from the Federal Equal Employment Opportunity Commission (the "EEOC").  Exhibit 1, Right to Sue Letter, and Exhibit 2, Right to Sue Letter Envelope.

7. This Court has pendent jurisdiction over Plaintiff's claims under the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*. and Plaintiff's claim for defamation.

8. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

2

**STATEMENT OF FACTS**

9.  All preceding paragraphs are incorporated by reference.

10. Plaintiff began working for Defendant CARite on September 9, 2015 in Madison Heights, Michigan.

11. At the time, Defendant Hughey also worked for Defendant CARite in Madison Heights as well.

12. In June 2016, Defendant Hughey told Plaintiff that he was transferring to Defendant CARite's Taylor, Michigan location and asked Plaintiff to transfer there with him.

13. After Defendant Hughey and Plaintiff transferred to the Taylor location, Defendant Hughey became less professional and began to repeatedly talk about the sex lives and physical attributes of his colleagues.

14. Defendant Hughey speculated in front of his employees on his colleague's divorces, affairs, and previous romantic relationships.

15. Defendant Barnes actively participated in these conversations, rumoring to colleagues that Plaintiff's breasts and buttocks were not real but were the result of plastic surgery.

16. In addition, Defendant Barnes told colleagues, including Defendant Hughey, that Plaintiff was a promiscuous woman that had sex with her managers at a bar for which she bartended before she began working for Defendant CARite.

17. Defendant Hughey would also rush to anger with Plaintiff when discussing otherwise routine business matters, at times slamming his hand on his desk, standing up, and swearing at Plaintiff in response to her questions.

18. Plaintiff's experience working for Defendant CARite soured as Defendant Hughey's abusive and controlling behavior increasingly became more extreme.

3

19. On July 11, 2018, Plaintiff, Defendant Hughey, Defendant Barnes, and fellow employee Brandon Hughey were discussing what to have for lunch.

20. Plaintiff asked the group, "Can we get Black Rock?"

21. Defendant Hughey replied by telling Plaintiff that she "can get black cock."

22. Defendant Hughey and Brandon Hughey laughed at this comment.

23. Defendant Barnes uttered, "Oh wow!"

24. Plaintiff was disgusted and humiliated by Defendant Hughey's reply.

25. After this exchange, Plaintiff's experience working for Defendant CARite completely soured.

26. On July 26, 2018, Defendant Hughey called another salesperson, Kiera Clay, into his office to have a discussion.

27. After Defendant Hughey sent Ms. Clay out of his office, he called Plaintiff in.

28. Defendant Hughey told Plaintiff that she cannot have conversations outside of work with Ms. Clay.

29. Defendant Hughey then told Plaintiff that either she could be fired by Defendant Hughey and receive her unemployment insurance or she could quit to maintain a clean employment record.

30. Plaintiff asked to have some time to decide, deferring her decision, which Defendant Hughey granted.

31. After setting up a transfer to Defendant CARite's Redford, Michigan location and taking her paid time off, Plaintiff submitted her resignation letter on August 14, 2018, terminating her employment with Defendant CARite that same day.

32. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages, including but not limited to loss of pay; loss of vacation and sick days; loss of benefits; loss of career opportunities; loss of qualification for a mortgage; humiliation and embarrassment; mental anguish and emotional distress; loss of professional reputation; loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice; and substantial liability for attorney fees.

33. On May 2, 2019, the EEOC mailed Plaintiff her Right to Sue Letter pursuant to her claims of discrimination under Title VII. Exhibits 1 and 2.

## COUNT I - SEX HARASSMENT IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et seq.* (CARite)

34. All preceding paragraphs are incorporated by reference.

35. At all relevant times, Plaintiff and Defendants CARite and Hughey were covered by and within the meaning of Title VII, 42 U.S.C. § 2000e *et seq*.

36. Defendant Hughey was Plaintiff's supervisor, with the authority to affect the terms and conditions of Plaintiff's employment, including the decision whether to hire or fire Plaintiff.

37. Defendant Hughey possessed authority to offer tangible job benefits in exchange for sexual favors and to threaten job injury for Plaintiff's failure to submit.

38. Plaintiff is a member of a protected class who was subjected to unwelcome sexual advances because of her sex by Defendant Hughey.

39. Plaintiff's submission to Defendant Hughey's sexual advances was an implied condition of her employment such that her refusal to submit would and did result in a tangible job detriment, namely her constructive discharge.

40. Plaintiff's refusal to submit to the sexual advances of Defendant Hughey ultimately factored in Plaintiff's decision to end her employment with Defendant CARite.

41. Defendants' actions constitute intentional discrimination on the basis of sex.

42. Plaintiff suffered adverse employment action based on her sex in violation of Title VII, 42 U.S.C. § 2000e *et seq.*

43. Defendant CARite was aware of Defendant Hughey's conduct yet failed to take any remedial action.

44. Defendant CARite is liable for Defendant Hughey's conduct.

45. Plaintiff suffered harm because of Defendant Hughey's conduct.

46. Defendants' actions were intentional, with reckless indifference and in disregard of Plaintiffs' rights and sensibilities.

47. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages, including but not limited to loss of pay; loss of vacation and sick days; loss of benefits; loss of career opportunities; loss of qualification for a mortgage; humiliation and embarrassment; mental anguish and emotional distress; loss of professional reputation; loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice; and substantial liability for attorney fees.

### COUNT 2 - HOSTILE WORK ENVIRONMENT BY SEX HARASSMENT IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et seq.* (CARite)

48. All preceding paragraphs are incorporated by reference.

49. At all relevant times, Plaintiff and Defendants CARite and Hughey were covered by and within the meaning of Title VII, 42 U.S.C. § 2000e *et seq.*

50. Defendant Hughey was Plaintiff's supervisor, with the authority to affect the terms and conditions of Plaintiff's employment, including the decision whether to hire or fire Plaintiff.

51. Defendant Hughey possessed authority to offer tangible job benefits in exchange for sexual favors and to threaten job injury for Plaintiff's failure to submit.

52. Plaintiff is a member of a protected class who was subjected to unwelcome sexual advances, sexual conduct, and sexual communications because of her sex by Defendant Hughey.

53. The sexual advances, sexual conduct, and sexual communications substantially interfered with Plaintiff's employment and created a hostile and offensive work environment that became harassing, stressful, and distressing.

54. Defendant Hughey's sexual advances, sexual conduct, and sexual communications ultimately factored in Plaintiff's decision to end her employment with Defendant CARite.

55. Defendants' actions constitute intentional discrimination on the basis of sex.

56. Plaintiff suffered adverse employment action based on her sex in violation of Title VII, 42 U.S.C. § 2000e *et seq.*

57. Defendant CARite was aware of Defendant Hughey's conduct yet failed to take any remedial action.

58. Defendant CARite is liable for Defendant Hughey's conduct.

59. Plaintiff suffered harm because of Defendant Hughey's conduct.

60. Defendants' actions were intentional, with reckless indifference and in disregard of Plaintiffs' rights and sensibilities.

61. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages, including but not limited to loss of pay; loss of vacation and sick days; loss of benefits; loss of career opportunities; loss of qualification for a mortgage; humiliation and embarrassment; mental anguish and emotional distress; loss of professional reputation; loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice; and substantial liability for attorney fees.

## COUNT 3 - SEX DISCRIMINATION IN VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et. seq.* (CARite and Hughey)

62. All preceding paragraphs are incorporated by reference.

63. At all relevant times, Plaintiff and Defendants CARite and Hughey were covered by and within the meaning of the Elliott-Larsen Civil Rights Act (the "ELCRA"), M.C.L. § 37.2101 *et seq.*

64. Defendant Hughey was Plaintiff's supervisor, with the authority to affect the terms and conditions of Plaintiff's employment, including the decision whether to hire or fire Plaintiff.

65. Defendant Hughey possessed authority to offer tangible job benefits in exchange for sexual favors and to threaten job injury for Plaintiff's failure to submit.

66. Plaintiff is a member of a protected class who was subjected to unwelcome sexual advances because of her sex by Defendant Hughey.

67. Plaintiff's submission to Defendant Hughey's sexual advances was an implied condition of her employment such that her refusal to submit would and did result in a tangible job detriment, namely her constructive discharge.

68. Plaintiff's refusal to submit to the sexual advances of Defendant Hughey ultimately factored in Plaintiff's decision to end her employment with Defendant CARite.

69. Defendants' actions constitute intentional discrimination on the basis of sex.

70. Plaintiff suffered adverse employment action based on her sex in violation of the ELCRA, M.C.L. § 37.2101, *et seq.*

71. Defendant CARite was aware of Defendant Hughey's conduct yet failed to take any remedial action.

72. Defendant CARite is liable for Defendant Hughey's conduct.

73. Plaintiff suffered harm because of Defendant Hughey's conduct.

74. Defendants' actions were intentional, with reckless indifference and in disregard of Plaintiffs' rights and sensibilities.

75. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages, including but not limited to loss of pay; loss of vacation and sick days; loss of benefits; loss of career opportunities; loss of qualification for a mortgage; humiliation and embarrassment; mental anguish and emotional distress; loss of professional reputation; loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice; and substantial liability for attorney fees.

## COUNT 4 - HOSTILE WORK ENVIRONMENT BY SEX DISCRIMINATION IN VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et seq.* (CARite and Hughey)

76. All preceding paragraphs are incorporated by reference.

77. At all relevant times, Plaintiff and Defendants CARite and Hughey were covered by and within the meaning of the Elliott-Larsen Civil Rights Act (the "ELCRA"), M.C.L. § 37.2101 *et seq.*

78. Defendant Hughey was Plaintiff's supervisor, with the authority to affect the terms and conditions of Plaintiff's employment, including the decision whether to hire or fire Plaintiff.

79. Defendant Hughey possessed authority to offer tangible job benefits in exchange for sexual favors and to threaten job injury for Plaintiff's failure to submit.

80. Plaintiff is a member of a protected class who was subjected to unwelcome sexual advances, sexual conduct, and sexual communications because of her sex by Defendant Hughey.

81. The sexual advances, sexual conduct, and sexual communications substantially interfered with Plaintiff's employment and created a hostile and offensive work environment that became harassing, stressful, and distressing.

9

82. Defendant Hughey's sexual advances, sexual conduct, and sexual communications ultimately factored in Plaintiff's decision to end her employment with Defendant CARite.

83. Defendants' actions constitute intentional discrimination on the basis of sex.

84. Plaintiff suffered adverse employment action based on her sex in violation of the ELCRA, M.C.L. § 37.2101, *et seq.*

85. Defendant CARite was aware of Defendant Hughey's conduct yet failed to take any remedial action.

86. Defendant CARite is liable for Defendant Hughey's conduct.

87. Plaintiff suffered harm because of Defendant Hughey's conduct.

88. Defendants' actions were intentional, with reckless indifference and in disregard of Plaintiffs' rights and sensibilities.

89. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages, including but not limited to loss of pay; loss of vacation and sick days; loss of benefits; loss of career opportunities; loss of qualification for a mortgage; humiliation and embarrassment; mental anguish and emotional distress; loss of professional reputation; loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice; and substantial liability for attorney fees.

## COUNT 5 - DEFAMATION (Barnes)

90. All preceding paragraphs are incorporated by reference.

91. Defendant Barnes rumored to colleagues, including Defendant Hughey, that Plaintiff's breasts and buttocks were not real but were the result of plastic surgery.

92. In addition, Defendant Barnes told colleagues, including Defendant Hughey, that Plaintiff was a promiscuous woman that had sex with her managers at a bar for which she bartended before she began working for Defendant CARite.

93. Defendant Barnes published the remarks to Defendant Hughey and other third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

94. The publication was not privileged.

95. The publication of these remarks resulted in damage to Plaintiff's reputation in the community and economic loss, including, but not limited to, intensifying the sexualized nature of Defendant Hughey's conversations with Plaintiff, resulting in Plaintiff's constructive discharge from her employment with Defendant CARite.

96. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages, including but not limited to loss of pay; loss of vacation and sick days; loss of benefits; loss of career opportunities; loss of qualification for a mortgage; humiliation and embarrassment; mental anguish and emotional distress; loss of professional reputation; loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice; and substantial liability for attorney fees.

## PRAYER FOR RELIEF

Plaintiff DeAngela Solomon respectfully requests that this Court:

A.  Award compensatory damages, damages for emotional distress, punitive damages,

back pay, and front pay;

B.  Award Plaintiff attorney fees; and

C.  Grant any other relief this Court finds equitable and just.

Respectfully submitted,

By:     /s/ Sean Riddell
Sean Riddell (P81302)
THE RIDDELL LAW FIRM PLLC
400 Renaissance Center, Suite 2600
Detroit, Michigan 48243
Phone: (313) 497-0074
sriddell@riddelllawfirm.com

Danielle Cadoret (P77162)
CADORET LEGAL SERVICES
PLLC
400 Monroe Avenue, Suite 290
Detroit, Michigan 48226
Phone: (734) 925-6655
dcadoret11@gmail.com
*Attorneys for Plaintiff*

Date: 08-01-2019

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEANGELA SOLOMON,

      Plaintiff,                **JURY DEMAND**

v.                       Case No.:
                          HON.

CARITE CORPORATE LLC, EUGENE
HUGHEY, and ANGELA BARNES,

      Defendants.            **JURY DEMANDED**

THE RIDDELL LAW FIRM PLLC
By: Sean Riddell (P81302)
*Attorney for Plaintiff*
400 Renaissance Center, Suite 2600
Detroit, Michigan 48243
Phone: (313) 497-0074
sriddell@riddelllawfirm.com

CADORET LEGAL SERVICES PLLC
By: Danielle Cadoret (P77162)
*Attorney for Plaintiff*
400 Monroe Avenue, Suite 290
Detroit, Michigan 48226
Phone: (734) 925-6655
dcadoret11@gmail.com

**<u>JURY DEMAND</u>**

Plaintiff DeAngela Solomon, through her attorneys Sean Riddell of The Riddell Law

Firm PLLC and Danielle Cadoret of Cadoret Legal Services PLLC, demands a jury trial in this

action.

Respectfully submitted,

By:     /s/ Sean Riddell
        Sean Riddell (P81302)
        THE RIDDELL LAW FIRM PLLC
        400 Renaissance Center, Suite 2600
        Detroit, Michigan 48243
        Phone: (313) 497-0074
        sriddell@riddelllawfirm.com

        Danielle Cadoret (P77162)
        CADORET LEGAL SERVICES
        PLLC
        400 Monroe Avenue, Suite 290
        Detroit, Michigan 48226
        Phone: (734) 925-6655
        dcadoret11@gmail.com
        *Attorneys for Plaintiff*

Date: 08-01-2019

14

# EXHIBIT 1

EEOC Form 161 (11/16)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Deangela Solomon**
**P.O.Box 2131**
**Dearborn, MI 48124**

From: **Detroit Field Office**
**477 Michigan Avenue**
**Room 865**
**Detroit, MI 48226**

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2019-00233 | **Molly B. Maxwell-Powell,** Investigator | (313) 226-4607 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     4/18/19
for **Michelle Eisele,**                          *(Date Mailed)*
**District Director**

Enclosures(s)

cc:
**Jeannie Fledderjohn**
**Human Resources**
**CARITE**
**101 W. 14 Mile Road**
**Madison Heights, MI 48071**

**Kathryn S. Wood**
**Dickinson Wright, PLLC**
**2600 W. Big Beaver Road**
**Suite 300**
**Troy, MI 48084**

# EXHIBIT 2

