UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELA SOLOMON,

    Plaintiff,                                                        Civil Action No. 19-CV-12276

vs.                                                               HON. BERNARD A. FRIEDMAN

CARITE CORPORATE LLC, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS'
## MOTION TO DISMISS OR TO COMPEL ARBITRATION

This matter is presently before the Court on defendants' motion to dismiss or to compel arbitration [docket entry 10]. Plaintiff has responded and defendants have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is an employment discrimination case. Plaintiff alleges that her former manager, defendant Eugene Hughey, subjected her to a hostile work environment by, among other things, making unwelcome sexual comments and advances. She claims that Hughey's conduct resulted in her being constructively discharged from her employment with defendant CARite Corporate LLC ("CARite"). In Counts 1 and 2, plaintiff is suing CARite for sex discrimination and hostile work environment under Title VII of the 1964 Civil Rights Act, and in Counts 3 and 4 she is suing CARite and Hughey for sex discrimination and hostile work environment under the Elliott-Larsen Civil Rights Act. In Count 5, plaintiff claims that defendant Angela Barnes, a former co-worker, defamed her by falsely telling Hughey and others that she had had plastic surgery and that she was sexually promiscuous.

Defendants seek dismissal of the complaint on the grounds that plaintiff, while she was employed, signed an arbitration agreement, a copy of which is attached to defendants' motion as Exhibit A. Defendants point to language in the agreement stating that "the undersigned employee agrees that any dispute or claim arising out of or relating to my employment with CARite, shall be settled by final and binding arbitration . . ." Defs.' Ex. A at 3. Defendants ask that the Court "dismiss the action with prejudice and allow Plaintiff to pursue her claims through arbitration, if she so desires." Defs.' Br. at 5. Plaintiff opposes the motion on the grounds that the agreement lacks mutuality of obligation and that she did not sign it knowingly and voluntarily.

Defendants' motion seeks dismissal under Fed. R. Civ. P. 12(c). However, the motion is supported by the arbitration agreement, and both the response and reply briefs are supported by additional extra-pleading documents, including plaintiff's affidavit and employment application. In these circumstances, Fed. R. Civ. P. 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

As the Court shall not exclude the extra-pleading documents, defendants' motion "must be treated as one for summary judgment." *Id.* And as neither party has requested any further opportunity to present pertinent material, the Court shall decide defendants' motion at this time under Rule 56. The Court grants such a motion

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

2

> 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the initial burden of establishing that there are no genuine issues of material facts, which it may accomplish "by demonstrating that the nonmoving party lacks evidence to support an essential element of its case." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In response, the nonmoving party must present "significant probative evidence" that will reveal that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The mere existence of a scintilla of evidence in support of the nonmovant's position will not suffice to avoid summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

*Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018).

In the present case, defendants are not entitled to summary judgment for at least three reasons. First, the arbitration agreement states in ¶ 3 that various claims are "Not Covered by this Agreement," including "claims made with any governmental agency such as the Equal Employment Opportunity Commission." Plaintiff's Title VII claims (Counts 1 and 2) are claims she "made with . . . the Equal Employment Opportunity Commission" and are therefore plainly excluded from arbitration.

Second, plaintiff has shown, and defendants do not deny, that defendant Hughey coerced her into signing the arbitration agreement. Plaintiff avers that on July 14, 2017, in the middle of a busy workday, Hughey presented her with the agreement and "said that if I did not sign the document by the end of that day, I would no longer be allowed to work there." Pl.'s Aff. ¶ 11. Defendants offer no evidence to the contrary. Nor do defendants challenge plaintiff's averments that at the time she was a single mother with a disabled fourteen-year old child and that she "had to keep [her] only job." *Id.* ¶¶ 3-4, 14. These uncontested facts invalidate the agreement because they demonstrate plaintiff was, by Hughey's threat, "incapacitated to consent to the agreement." *Silverman v. Spitzer*, No. 317682, 2014 WL 7157419, at *5 (Mich. Ct. App. Dec. 16, 2014) (quoting

3

*Meier v. Schulte*, 41 N.W.2d 351 (1950)). An arbitration is enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, and coercion is such a grounds. *See Elete Enters., L.L.C. v. Gen. Steel Corp.*, No. 278946, 2008 WL 4649113, at *4 (Mich. Ct. App. Oct. 21, 2008).

Third, defendants have not shown, or even argued, that the arbitration agreement may be enforced by defendant Barnes, one of plaintiff's co-workers, regarding plaintiff's defamation claim. While ¶ 2 of the agreement indicates that the agreement "covers all claims arising in the course of an employee's employment," plaintiff alleges that Barnes defamed her by "publish[ing] the remarks to Defendant Hughey and other third parties." Compl. ¶ 93. Even if the agreement were not void due to Hughey's coercion, it is not apparent that Barnes' alleged publication of defamatory remarks to third parties is a claim the agreement covers.

Because the Court is satisfied that defendants' motion may be denied on these grounds, the Court finds it unnecessary to address the parties' remaining arguments. Accordingly,

IT IS ORDERED that defendants' motion to dismiss or to compel arbitration is denied.

Dated: December 3, 2019  
    Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE