UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELA SOLOMON,

    Plaintiff,                                                         Civil Action No. 19-CV-12276

vs.                                                                      HON. BERNARD A. FRIEDMAN

CARITE CORPORATE LLC, et al.,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING DEFENDANTS'**
## **MOTION TO STAY PROCEEDINGS PENDING APPEAL**

This matter is presently before the Court on defendants' motion to stay proceedings pending appeal [docket entry 17]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is an employment discrimination case. Shortly after the complaint was filed, defendants filed a motion to dismiss or compel arbitration based on an alleged agreement between the parties that required plaintiff to arbitrate "any dispute or claim arising out of or relating to my employment with [defendant Carite]." The Court denied the motion, finding that the arbitration agreement appeared not to cover some of plaintiff's claims and that plaintiff was coerced into signing the agreement. Defendants appealed that decision, as 9 U.S.C. § 16(a)(1) permits. In the instant motion, defendants asks that proceedings in this Court be stayed while the appeal is pending. Plaintiff opposes the motion on the grounds that the appeal is frivolous and interlocutory and that the Court should exercise its discretion to deny the requested stay.

Plaintiff correctly notes that the federal circuit courts disagree as to whether the filing of a notice of appeal from an order denying a motion to compel arbitration automatically stays

proceedings in the district court. The Court has noted this "circuit split" and the absence of Sixth Circuit authority on this issue. *See Tillman v. Macy's Inc.*, No. 11-10994, 2012 WL 12737, at *2 (E.D. Mich. Jan. 4, 2012) (Cox, J.).

The Court need not decide whether to follow the majority or minority view on this issue because purely practical reasons counsel in favor of staying proceedings under the circumstances of this case. As the Seventh Circuit has stated,

> [c]ontinuation of proceedings in the district court [pending an interlocutory appeal] largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals. . . . . Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.

*Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). Simply put, both the parties' and the court's resources are potentially wasted if the district court permits the parties to continue litigating pending an appeal from an order denying a motion to compel arbitration or to dismiss the complaint on the grounds that arbitration is plaintiff's sole remedy. A frivolous interlocutory appeal does pose a risk of unfairly delaying proceedings in the district court, *see McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1161-62 (10th Cir. 2005), but the Court is not persuaded that the appeal in the present case is frivolous. In any event, the Court is confident that the appeal will be decided promptly and that any delay caused by the appeal will be minimal. Accordingly,

IT IS ORDERED that defendants' motion for a stay pending appeal is granted.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 24, 2020
Detroit, Michigan